NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PETER ALLEN, | : |
|     Plaintiff, | : Civil No. 08-5429 (AET) |
|     v. | : **MEMORANDUM & ORDER** |
| OCEAN COUNTY BOARD OF CHOSEN FREEHOLDERS, et al., | : |
|     Defendants. | : |

THOMPSON, U.S.D.J.

INTRODUCTION

This matter comes before the Court on Plaintiff Peter Allen's Motion for Reconsideration [19] directed towards the Court's April 6, 2009 Order [17] granting Defendants summary judgmment. The Court considers the motion pursuant to Local Civil Rule 7.1 and has decided the motion based upon the submissions of the parties, without oral argument, pursuant to Fed. R. Civ. P. 78. For the reasons stated below, Plaintiff's Motion for Reconsideration [19] is denied.

BACKGROUND

The Court incorporates herein the facts outlined in its April 6, 2009 Order [17]. In that Order, the Court concluded Plaintiff had failed to exhaust the administrative remedies available to him in the prisons in which he has been incarcerated as required under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), for Plaintiff to bring his § 1983 claims. On April 21, 2009, Plaintiff filed this Motion for Reconsideration [19].

DISCUSSION

A.     Standard for Review

A court will grant a motion for reconsideration only if the movant establishes: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not previously available; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). Under Local Civil Rule 7.1, a party making a motion for reconsideration must submit a "brief setting forth concisely the matter or controlling decisions which the party believes the Judge . . . has overlooked." L. Civ. R. 7.1. Hence, the movant must address matters that were presented to the Court but were overlooked by the Court in making the decision at issue. United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999). "[R]econsideration is an extraordinary remedy, that is granted very sparingly." Brackett v. Ashcroft, No. 03-3988, 2003 U.S. Dist. LEXIS 21312, at *5 (D.N.J. Oct. 7, 2003)

B.     Analysis

Under the PLRA, "Congress has mandated exhaustion [of administrative remedies] . . . regardless of the relief offered through administrative procedures," and even if the available administrative processes cannot grant the desired remedy. Booth v. Churner, 532 U.S. 731, 741 (2001). The exhaustion requirement of the PLRA applies to occurrences such as an attack by fellow inmates. Porter v. Nussle, 534 U.S. 516, 524 (2002). The Third Circuit has held that the PLRA requires the exhaustion of grievance procedures recited in inmate handbooks. Concepcion v. Morton, 306 F.3d 1347 (3d Cir. 2002). The Third Circuit has also stated "[42 U.S.C.] § 1997e(a), as amended by the PLRA, completely precludes a futility exception to its mandatory

exhaustion requirement . . . . [A] futility exception . . . is not applicable in *any* case." Nyhuis v. Reno, 204 F.3d 65, 71 (3d Cir. 2000) (emphasis original).

Defendants established that, at the time of the November 2006 attack, the Ocean County Jail ("OCJ") had an Inmate Handbook that provided administrative grievance procedures. Defendants also established that Plaintiff made use of these procedures by filing grievances unrelated to this lawsuit while in the OCJ medical unit in December 2006. Defendants demonstrated Plainitff had access to administrative grievance procedures after he was subsequently transferred to the Mid-State Correction Facility ("MCSF") in January 2007, and that Plaintiff has made use of the MCSF procedures for grievances unrelated to this lawsuit.

Plaintiff has not disputed the fact that he did not file any administrative grievances related to the November 2006 assault at either facility. Rather, Plaintiff previously argued that the OCJ administrative procedures were no longer "available" to him once he was transferred to MCSF, and therefore he was not required to exhaust them. Now, Plaintiff argues that there were also no administrative procedures "available" to him at MCSF because the MCSF Inmate Handbook did not contain a "specific directive" stating that he could file grievances related to his treatment at another New Jersey State prison facility. Plaintiff also asks the Court to consider new allegations by the Plaintiff that he made verbal and written requests to various prison officials and employees for relocation within the OCJ facility prior to the November 2006 assault.

The Court concludes that these new allegations do not warrant an alteration of the Court's Order [17]. Plaintiff's new allegations describe conversations he had with nurses and social workers regarding his fear of an attack while at OCJ, which do not constitute exhaustion of the administrative procedures outlined in the Inmate Handbook. Plaintiff states that he submitted an

Inmate Request Form to Officer John DiMarco in October or November 2006 describing perceived threats to his safety, and was subsequently told by DiMarco that he would not be placed in protective custody.  Defendants have stated that the records of the Ocean County Department of Corrections are devoid of any grievances filed by Plaintiff related to the November 2006 assault.  The Court finds that Plaintiff's new allegations do not create a dispositive factual matter requiring alteration of the prior Order [17].

Plaintiff also now argues he was not in the proper condition to file an administrative grievance within seven days of his assault as required by the OCJ Inmate Handbook.  The Court notes that the OCJ Inmate Handbook states a grievance must be brought "within 7 days from the date the incident of complaint occurred, *unless it was not feasible to file within such period*" (emphasis added).  Thus, even if Plaintiff's medical condition in the week following the attack prevented him from filing a grievance, OCJ procedures allowed him to file such a grievance when he became physically and mentally able to do so.  The Court is unpersuaded by Plaintiff's request for reconsideration as it has been given no factual or legal basis to change its prior Order.

## CONCLUSION

IT IS on this 4th day of May, 2009,

ORDERED that Plaintiff's Motion for Reconsideration [19] is DENIED.

                                                         s/ Anne E. Thompson
                                        ANNE E. THOMPSON, U.S.D.J.